**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMINDA YU MADRID, | No. 12-17652 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05804-NC |
| v. | |
| KMF FREMONT, LLC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[**]

Submitted May 13, 2014[***]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Arminda Yu Madrid appeals pro se from the district court's summary

judgment in her housing action alleging that defendants failed to accommodate her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).  Accordingly, Madrid's requests for oral argument, set forth in her opening and reply briefs, are denied.

disability in violation of the Fair Housing Amendments Act ("FHAA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Budnick v. Town of Carefree*, 518 F.3d 1109, 1113 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment because Madrid failed to raise a genuine dispute of material fact as to whether an accommodation of her disability may have been necessary for equal use and enjoyment of her apartment. *See Budnick*, 518 F.3d at 1119 (listing the elements of a failure to accommodate claim under the FHAA); *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1155 (9th Cir. 2003) (defining the "may be necessary" or causation element of a failure to accommodate claim under the FHAA).

The district court did not abuse its discretion by striking portions of Madrid's declaration that contradicted her prior deposition testimony. *See Nelson v. City of Davis*, 571 F.3d 924, 927-28 (9th Cir. 2009) (a party cannot create a genuine dispute of material fact with an affidavit contradicting his prior deposition testimony); *Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 813 (9th Cir. 2002) (standard of review).

Madrid's arguments concerning defendants' alleged "bad faith" declarations, her counsel's purported ineffectiveness, and the district court's prior finding that she alleged sufficient facts to establish that the accommodation may have been

necessary are unpersuasive and unsupported by the record.

**AFFIRMED.**

12-17652